09-4823-ag
Ni v. Holder

BIA
Chew, IJ
A095 144 293

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of July, two thousand ten.

PRESENT:

> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> DENNY CHIN,
> > *Circuit Judges*.

_____

WEN QUN NI,
> *Petitioner*,

> v.                                    09-4823-ag
>                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
> *Respondent*.

_____

FOR PETITIONER:          Jed S. Wasserman, Kuzmin & Associates, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General, Civil Division; Jennifer L. Lightbody, Senior Litigation Counsel; Edward E. Wiggers, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wen Qun Ni, a native and citizen of the People's Republic of China, seeks review of an October 21, 2009, order of the BIA affirming the January 17, 2008, decision of Immigration Judge ("IJ") George T. Chew denying Ni's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Qun Ni*, No. A095 144 293 (B.I.A. Oct. 21, 2009), *aff'g* No. A 95 144 293 (Immig. Ct. N.Y. City Jan. 17, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

Ni argues that he suffered past persecution because he incurred a fine as a result of his violation of the family planning policy. He claims "[i]t was difficult for him to pay off the fine," and he says he had to "borrow[] money from 'everywhere.'" However, he produced no evidence of his

2

income in China, his net worth at the time of the fines, or any other facts that would make it possible to evaluate his personal financial circumstances in relation to the fines imposed by the government. "Absent this sort of proof, we cannot assess whether or not the fines constituted a substantial disadvantage to him." *Guan Shan Liao v. United States Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002). Moreover, to the extent that Ni argues that his expulsion from vocational school constituted economic persecution, as the BIA noted, Ni did not demonstrate that "he has no alternative means of obtaining an education or gainful employment." Because Ni bears the burden of proof and he does not point to anything in the record contradicting these findings, we find no error in the agency's conclusion that Ni failed to establish past persecution. *See* 8 C.F.R. § 1208.13(a).

Because the agency's decision was supported by substantial evidence, inasmuch as Ni's claim for withholding of removal and CAT relief share the same factual predicate as his claim for asylum, the agency's finding is fatal to those claims as well. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). To the extent Ni argues he is eligible

3

for CAT relief based on his illegal departure from China, we decline to address the argument as it was not exhausted before the agency. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4